**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SEBASTIANA LUIS-MERINO,<br><br>　　　　　　　　　　Defendant. | Case No. 19-mj-23160-RNB-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 9)** |

On August 7, 2019, Defendant pled guilty, without the benefit of a plea agreement, to illegally entering the United States in violation of Title 8 U.S.C. § 1325(a).  (ECF Nos. 6, 7, 15-1.)  She was immediately sentenced to time served.  (ECF No. 6.)  She now appeals that conviction arguing:  (1) "Streamline Court" violates equal protection and due process; (2) Section 1325 is facially unconstitutional in light of *United States v. Morales-Sanchez*, 137 S. Ct. 1678 (2017); and (3) Section 1325 violates the non-delegation doctrine and should be declared void for vagueness.  (ECF No. 15.)  The Government opposes.  (ECF No. 17.)  For

the reasons stated below, the Court **DENIES** the Appeal (ECF No. 9.) and **AFFIRMS** the conviction and sentence.

## I.   BACKGROUND

On August 7, 2019, Defendant pled guilty to illegally entering the United States in violation of Title 8 U.S.C. § 1325(a).  (ECF No. 6.)  During the plea colloquy, the Magistrate Judge addressed Defendant directly making sure she was advised of the charge to which she was pleading guilty, the maximum possible penalties for this offense, the elements of the charge and the constitutional rights she was giving up by pleading guilty.  (*Id.*)  As part of the factual basis for her plea, Defendant admitted she had crossed the border at a place other than a Port of Entry; at the time she did so, she was not a United States citizen or national and knew she was not a United States citizen or national; she intended to enter at a place other than a Port of Entry; and she intended to enter without being detected or apprehended or taken into custody by the United States Government.  (*Id.*)  Defendant expressed no confusion when asked whether she had crossed at a place other than a Port of Entry.  (*Id.*)  Based on his direct conversation with Defendant, before accepting Defendant's plea of guilty, the Magistrate Judge found:  (1) there was a factual basis for Defendant's plea; (2) her plea was freely made without any coercive influence of any kind; (3) her guilty plea was voluntarily made with the Defendant's full knowledge of the nature of the charge against her and the consequences of the guilty plea; and (4) her plea was made without Defendant having been induced by promises of any kind.  (*Id.*)

After pleading guilty, the Magistrate Judge granted Defendant's request to be sentenced immediately and sentenced Defendant to a time served sentence.  This appeal ensued.

## II.   LEGAL STANDARD

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P. 58(g)(2)(B);

19mj23160

*see also* 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* Defendant's appeal in this case was timely filed.

## III. ANALYSIS

### A. Defendant Waived Her Right to Raise Constitutional Objections to "Operation Streamline"

Defendant argues that she was unconstitutionally treated differently that those prosecuted for petty offense through the Government's Central Violations Bureau. The Ninth Circuit soundly rejected this argument, following a similar guilty plea, in *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020) (providing an unconditional guilty plea constitutes a waiver of the right to appeal such constitutional issues). Since Defendant's guilty plea was unconditionally made, she waived the right to raise any objections to "Operation Streamline."

### B. *Morales-Santana* Does Not Render Section 1325 Unconstitutional

Defendant argues that *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. This Court agrees with those courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g.*, *United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*.").

This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

19mj23160

**C.   The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague**

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers." Defense counsel argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal provision without providing the executive branch official with an intelligible principle to guide the official's discretion.

Congress may not delegate to another branch "powers which are strictly and exclusively legislative." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). However, Congress "may confer substantial discretion on executive agencies to implement and enforce laws." *Id*. The Supreme Court has acknowledged "that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Gundy*, 139 S. Ct. at 2123 (alterations in original) (quoting *Mistretta*, 488 U.S. at 372).

This Court agrees with *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), that "Defendant's non-delegation argument is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries." As explained in *Gonzalez-Pena*:

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry. *See United States v. Corrales-Vazquez*, 931 F.3d 944, 946 (9th Cir. 2019); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017). Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act. *See* 8 C.F.R. § 100.4(a). Ports of entry also necessarily include facilities, staffed by immigration officials that

19mj23160

1
2
3

> are set up to accept applications for admission. *Aldana*, 878 F.3d at 882.
> To interpret Section 1325(a) to permit a border patrol agent to designate
> a portion of the border fence "on a whim" is in direct conflict with
> Congress's clear statutory scheme.

4  *Id.*  Therefore, this Court agrees that Section 1325 making it illegal for an individual

5  to enter the United States other than a place designated by immigration officers does

6  not violate the non-delegation doctrine.

7        Furthermore, the statute is not unconstitutionally vague.  "A statute can be

8  impermissibly vague for either of two independent reasons.  First, if it fails to provide

9  people of ordinary intelligence a reasonable opportunity to understand what conduct

10  it prohibits . . . .  Second, if it authorizes or even encourages arbitrary and

11  discriminatory enforcement."   *Hill v. Colorado*, 530 U.S. 703, 732 (2000);

12  *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1973).  In particular, a

13  statute is vague if it "makes criminal activities which by modern standards are

14  normally innocent," or if it sets a net so large that law enforcement is able to pick and

15  choose who to arrest.  *Papachristou*, 405 U.S. at 163.

16        Section 1325 provides adequate notice to people of reasonable intelligence as

17  to what is prohibited.  Individuals must enter the United States through a designated

18  Port of Entry.  Failure to do so by one who is not a citizen of the United States is a

19  violation.  There is no suggestion that the statute encourages or even allows arbitrary

20  or discriminatory enforcement.  Therefore, the argument that the statute is vague must

21  fail.

22  **IV.    CONCLUSION**

23        For the reasons stated above, the Court **DENIES** Defendant's appeal from the

24  Magistrate Judge's decision (ECF No. 9) and **AFFIRMS** Defendant's conviction and

25  sentence.

26        **IT IS SO ORDERED.**

27

28  **DATED: November 12, 2020**

**Hon. Cynthia Bashant**
**United States District Judge**

19mj23160